### THE PEOPLE v. MOORE.

On a trial for murder it is not error to instruct the jury that if the killing was the result of deliberation, no matter for how short a period, it would be murder in the first degree, under our statute; where the evidence was sufficient to warrant the jury in finding the fact, that the killing was deliberate and premeditated.

There can be no murder without malice, either express or implied.

Where the Court erroneously defined the crime of murder in the first degree in its charge to the jury, but in a subsequent instruction clearly and correctly defined it, the erroneous ruling is not a sufficient ground for a new trial.

A mere want of perspicuity in an instruction to the jury, which does not injure the prisoner, if erroneous, is not sufficient ground for a reversal of the judgment. The objection must go to this extent, that the instruction is wholly erroneous, or susceptible of different and doubtful constructions.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

F. Moore, the defendant, was convicted of the crime of murder in the first degree, committed on one Alexander McClanahan, on the twenty-first of February, 1857, and sentenced to be executed. The remainder of the case is sufficiently stated in the opinion of the Court. Defendant appealed.

*E. D. Baker* for Appellant.

The first charge given by the Court, at the instance of the District Attorney, was, that "any kind of unlawful, willful, deliberate and premeditated killing, is murder in the first degree." This is a new definition of murder. No killing is lawful except the executions which take place in pursuance of the judgments of competent tribunals. The statute, which is merely the affirmation of the common law, declares that, "Murder is the unlawful killing of a human being, with malice aforethought, either express or implied."

There can be no murder in any degree without malice. It is the essential ingredient in the crime, and no other words will supply its place. The prisoner could not be convicted of murder under an indictment which charged willfully, unlawfully, deliberately, and premeditatedly killing M., omitting the words, "of

malice aforethought." They cannot be substituted as equivalents, and not equivalents, in legal contemplation. Stephens' Crim., vol. 4, p. 142.

The act of 1856, p. 219, declares, that " all murder which may be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, or burglary, shall be deemed murder of the first degree."

This section of the act of 1856 is only amendatory of the twenty-first section of the act of 1850, and is to be construed with the nineteenth section of that act, which defines murder and makes malice the test of the crime. Besides, the act of 1856 speaks of murder and the degrees of the offence, and goes upon the ground that malice has been already charged and made out.

The instructions, as thus given by the Court, were calculated to mislead the jury. It is apparent that the case was argued and given to the jury under the supposition that the act of 1856 had changed the common law definition of murder, which is a proposition that cannot be maintained. 4 Stephens, 121, 122.

The second instruction, given at the instance of the District Attorney, was intended only as a corollary of the first. It assumes that the law fixes no time for deliberation, to constitute murder in the first degree. It declares that "no time is too short for a wicked man to frame in his mind a scheme of murder, and to contrive the means of accomplishing it."

This instruction is equally objectionable in temper and tone, as in law, as applied to the evidence.

The act of 1856, defining murder in the first degree, never was intended to apply to killing, which was the result of a quarrel or sudden rencontre, when the passions are aroused by an unpremeditated collision.

The statute, in language, is confined to " all murder which shall be perpetrated by means of poison, or lying in wait, torture, etc."

It was intended to be confined to that species of killing in which the common law conclusively implies malice on account of its calculating wickedness. It is true that the statute adds the words, " or by any other kind of willful, deliberate, and premeditated killing, or which shall be in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary, shall be deemed murder of the first degree." The first and last clause of the provision shows what species of killing was in the contemplation of the Legislature when it speaks of " any other kind of willful, deliberate, and premeditated killing."

Death which grows out of sudden quarrels and conflicts, was not contemplated to be classed as murder in the first degree. It

relates to killing under circumstances which exhibits a heart altogether depraved, which shows a calculation of crime beyond that which results from the ordinary infirmities of human nature, and the sudden ebullitions of temper and passion.

The fourth charge, given at the instance of the government, does not state legal propositions.   The first clause is :

" In all cases of homicide, excusable by self-defence, it must be taken that the attack was made upon a sudden occasion, and not premeditated, or without malice."

This part of the charge is so obscure as scarcely to be intelligible.

If the attack alluded to is one made by the deceased party, it is evidently not law.   It makes no différence whether his attack was sudden or malicious.   The only question is, was it of such a character as reasonably to endanger the life of the prisoner. If yea, he had a right to defend himself to the extent of slaying the assailant to save himself.

The other clause of the fourth instruction assumes that the prisoner must flee as far as he can by reason of some impediment, or by reason of the fierceness of the assault.   It does not state the qualification to be found in all the books, that he may take the life of the assailant instantly, if necessary to save his own.   The instruction assumes that, to some extent, he must flee or retreat.

An abstract charge, which may mislead the jury, is erroneous. 11 B. Munroe, p. 47.

——— ——— for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The appellant was convicted of murder in the first degree. On the trial, the Court instructed the jury, "that any kind of unlawful, willful, deliberate, and premeditated killing, is murder in the first degree."

The statute of the State (Compiled Laws, 640,) defines murder to be the unlawful killing of a human being, with malice aforethought, express or implied.   This is but an enunciation of the common law definition of the crime.   Murder is thus defined by Coke : " When a person of sound memory and discretion, unlawfully killeth any reasonable creature in being, and under the King's peace, with malice aforethought, either express or implied."

To constitute the offence, it must appear :

1. That the party was of sound mind.
2. That the killing was unlawful ; and,
3. That it was done with malice.

Every killing is unlawful, unless done by warrant, or legal

People v. Moore.

excuse; but every unlawful killing is not murder; as for example : if an officer should execute a criminal, before or after the day appointed, or upon a void warrant, this would be an unlawful killing; and also, a willful, deliberate, and premeditated killing, but would not be murder, unless the ingredient of malice was established.

There can be no murder without malice, either expressed or implied, and the instruction of the Court, as a legal proposition, was incorrect. At common law, this error would have been a sufficient ground of reversal, but our statute makes it the duty of the Court to examine the whole record, and affirm the judgment, if it shall appear that substantial justice has been done. We are to disregard technicalities, and to determine, from the whole case, whether the prisoner has had a fair trial, and the judgment is correct.

In the subsequent part of the charge of the Court, the law of the case is stated with great clearness and accuracy, and it is impossible to imagine that the jury could have been misled by the first instruction asked by the district attorney, and afterwards explained by the charge of the Court.

The appellant complains of the second instruction given by the Court, to the effect that the law fixes no time for deliberation, or reflection, to constitute murder; that it may be for a year, month, day, hour, or minute; that if it appeared that the killing was the result of deliberation, no matter for how short a period, it would be murder in the first degree under the statutes of this State; "that no time was too short for a wicked man to frame, in his mind, a scheme of murder, and to contrive the means of executing it."

The act of April 19th, 1856, amendatory of the act concerning crimes and punishments, passed April 16th, 1851, classifies murder under two heads, or grades—murder in the first and second degree. The twenty-first section provides that "all murder, which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing," etc., "shall be deemed murder in the first degree." The evident design of the statute, was to distinguish between killing under such circumstances as showed an abandoned and malignant heart, from which the law implied malice, and killing which was unpremeditated, resulting from sudden passion, or from some unforseen rencontre.

In an ordinary case, where two men quarrel and fight upon the spur of the moment, for some sudden insult or offence, the party killing his adversary would not be guilty of murder in the first degree, although he was the assailant; because the killing was not the result of previous consideration or design upon his part.

The instruction was not erroneous under the peculiar state of

the evidence in this case; there was sufficient testimony to warrant the jury in finding the fact, that the killing of McClanahan was willful, deliberate, and premeditated.  Moore insults him, and attempts to draw his pistol, but is prevented; he then sits down in the store, with his pistol in his hand, expressing his belief that McClanahan would return, and his intention to shoot him if did so (not if he was attacked.)  The sequel shows that he made good his threat, without waiting for a word or hostile demonstration.  If he had been attacked, he might have defended himself, but the evidence goes very far to establish the fact that he was the aggressor in the last difficulty.  Whether he was or not was left to the jury to determine, as well as the fact whether the killing was the result of a willful premeditation and deliberation on his part.

The appellant contends that the fourth instruction asked by the prosecution and given by the Court, is erroneous, for the reason that it is incomprehensible, and therefore calculated to mislead the jury.  The objectionable part is as follows : " In all cases of homicide, excusable by self-defence, it must be taken that the attack was made upon a sudden occasion, and not premeditated, or without malice," etc.  This, certainly, is somewhat vague and difficult of comprehension at first blush; but on examination, will be found to embody this principle, viz. : that to excuse a homicide, or justify it on the ground of self-defence, the person slaying another must show, among other things, that the killing was done without malice or premeditation in repelling a sudden attack.  If there is any error in the instruction, it does not militate against the appellant, and a mere want of perspicuity on the part of the Court below, in framing instructions, is not a ground of reversal.  The objection must go to this extent, that they are wholly incomprehensible, or susceptible of different and doubtful constructions.

We have carefully examined all the testimony, as well as the instructions given by the Court, and have come to the conclusion, on the whole, that justice has been done, and that there is no sufficient ground for a new trial.

The judgment is affirmed.