PEOPLE, Respondent, v. JAMES LYONS and ROBERT POOR, Appellants.

No. 1680; November 9, 1857.

Criminal Law—Accomplice Testimony—Instructions.—Where an accomplice has testified against the accused, the latter is entitled to have the judge instruct the jury that such evidence must be corroborated if it is to be believed.

Criminal Law—Waiver of Rights by Accused.—If the Counsel for an accused person answers "no" to the court's inquiry as to whether he has any instructions he wishes to be given the jury, this is an express waiver, and not within the rule against inferences of waiver of rights in criminal cases.

APPEAL from Fifth Judicial District, Tuolumne County.

Attorney General for respondent; Baker & Moore for appellants.

BURNETT, J.—The prisoners were convicted of murder in the first degree. In support of the prosecution the evidence of one Wallace, an accomplice, was received. The district judge gave certain written instructions to the jury, and then asked the counsel for the prisoners if they wished any other charge, to which they replied in the negative. After the charge was given, and while the jury were in the act of retiring, the counsel for the prisoners excepted to the instructions given.

It is objected that the judge did not charge the jury that a conviction could "not be had upon testimony of an accomplice by such other evidence as should tend to connect the defendants with the commission of the offense": Wood's Dig. 299, sec. 375.

At common law the unsupported testimony of an accomplice was strictly sufficient, but in practice it was usual for the judge to advise the jury to acquit: 1 Phil. Ev. 31; 2 Russ. 960; 1 Dem. 82; 22 Pick. 397; 3 Brit. C. C. 54.

But though this was the usual practice, yet it was discretionary with the judge who presided at the trial, and it would not have been error to omit such a charge: 1 Phil. Ev. 32; 3 Brit. C. C. 54; 2 Russ. 960.

It must be conceded, however, that under the positive provisions of our statute, already quoted, it would be the duty of the judge presiding at the trial in which the testimony of an accomplice was received to give such instruction to the jury, if required by the prisoner. And it might admit of some doubt whether it would not be the duty of the court to give such instruction when it was neither asked nor refused by the prisoner. Of this, however, we express no opinion. But the question in this case is whether the prisoners could expressly waive the right. They were expressly asked if they wished any other charge, and replied that they did not. It would seem that under such circumstances they would have no right to complain. As a prisoner may plead guilty, he may certainly waive his right to such an instruction.

The instructions, as given by the court, were correct propositions of law, and applicable to the particular case, so far as they went. The testimony of the accomplice was fully corroborated, and the jury were amply justified in their verdict. The prisoners had a fair trial, and we can find nothing in the proceedings that could have done them injustice. We are required by law to "give judgment without regard to technical error or defect, which do not affect the substantial rights of the parties": Wood Dig. 309, sec. 499; People v. Moore [8 Cal. 90], July, 1857.

We express no opinion as to whether the exception to the charge of the court came too late. It is not necessary to determine that point in this case.

Judgment affirmed.

I concur: Field, J.